**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                              No. 96-4914

CASSIUS HAWKINS,
Defendant-Appellant.

Appeal from the United States District Court
for the Northern District of West Virginia, at Wheeling.
Robert Earl Maxwell, Senior District Judge.
(CR-96-42)

Submitted: May 29, 1997

Decided: June 17, 1997

Before NIEMEYER, LUTTIG, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Christopher Paull Riley, BAILEY, RILEY, BUCH & HARMAN,
Wheeling, West Virginia, for Appellant. William D. Wilmoth, United
States Attorney, Paul T. Camilletti, Assistant United States Attorney,
Wheeling, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Cassius Hawkins appeals his conviction for criminal contempt in violation of 18 U.S.C. § 401(1) (1994) and his six month sentence.**1** He maintains that the district court erred in admitting evidence resulting from unduly suggestive pretrial identifications and unreliable in-court identification testimony and that it erred in denying his motion for a line-up. Finding no reversible error, we affirm Hawkins' conviction and sentence.

I.

Viewed in the light most favorable to the Government, the record discloses that Hawkins agreed in his plea agreement to testify for the United States in the prosecution of Personne Eric McGhee. While testifying, however, Hawkins became recalcitrant and refused to answer the prosecutor's questions. Despite admonishment by the court, Hawkins continued to use abusive language and caused considerable disruption in the courtroom. Upon the Government's petition for Criminal Contempt, the district court held a hearing, during which the same prosecutor identified Hawkins as the disruptive witness at the McGhee trial. Hawkins, clothed in prison attire, was the only defendant and African American seated at the defense table. The court convicted Hawkins of criminal contempt, and this Court vacated that conviction and remanded for further proceedings. Hawkins noted this appeal after he was again convicted of criminal contempt.

The district court judge who presided over the McGhee trial was deposed after our remand. The judge's official court reporter, the prosecutor, and Hawkins were present during the deposition. Hawkins again was the only African American and the only person dressed in prison attire.

_____

**1** This court previously vacated Hawkins' conviction and remanded for further proceedings. See United States v. Hawkins, 76 F.3d 545 (4th Cir. 1996).

2

At Hawkins' bench trial on the contempt charge, the Government notified its intent to call the prosecutor, the court reporter, and two deputy marshals present during the McGhee trial. Prior to trial, Hawkins moved to suppress any in-court identification by the prosecutor and the court reporter on the grounds that they never identified Hawkins through a proper identification procedure (such as a line-up or photographic array) but rather were subject to unduly suggestive pretrial show-ups. Hawkins filed a motion for a line-up with respect to one of the marshals, maintaining that such a measure was necessary to prevent an unduly suggestive identification at trial. Additionally, Hawkins moved to exclude the other marshal's testimony as he had not previously identified Hawkins and the in-court identification was thereby unduly suggestive.[2] The marshal also testified that he saw a mugshot of Hawkins two hours prior to testifying, which Hawkins alleges was also unduly suggestive. The court reserved its ruling on Hawkins' motions until it had the opportunity to evaluate the credibility of the witnesses. The court ultimately denied Hawkins' motions.

II.

Findings of fact made by a district court in ruling on a motion to suppress are reviewed for clear error, but the ultimate suppression decision is reviewed de novo. United States v. Rusher, 966 F.2d 868, 873 (4th Cir. 1992). A court must engage in a two-step inquiry in determining whether identification testimony is admissible. United States v. Wilkerson, 84 F.3d 692, 695 (4th Cir. 1996). First, the defendant must establish that the identification procedure was impermissibly suggestive. Manson v. Brathwaite, 432 U.S. 98, 109 (1977). Second, even if the procedure is found to be unduly suggestive, the in-court identification is valid if it was reliable. Id. at 114.

This Court is permitted to proceed directly to the reliability of the identification without determining whether the defendant has met the threshold requirement of suggestiveness. Holdren v. Legursky, 16 F.3d 57, 61-62 (4th Cir. 1994). In evaluating the reliability of the identification, we consider (1) the witness' opportunity to view the

_____

**2** Because the Government did not list this marshal as one of its witnesses, Hawkins was not able to file a motion for a pre-trial line-up identification with respect to him.

3

perpetrator at the time of the crime; (2) the witnesses' degree of attention at the time of the offense; (3) the accuracy of the witness' prior description of the perpetrator; (4) the witness's level of certainty when identifying the defendant as the perpetrator at the time of confrontation; and (5) the length of time between the crime and the confrontation. Neil v. Biggers, 409 U.S. 188, 199-200 (1972).

Because we find the identifications reliable under the Biggers test, we do not address the question of the alleged suggestiveness of the pre-trial identifications and the subsequent in-court identifications. The court reporter testified that she recognized Hawkins from the McGhee trial and was able to recall specific details regarding the disruption he caused; she noted that it was one of the most tense and unforgettable moments she ever experienced. When questioned by the court regarding her certainty as to Hawkins' identity, she stated she had no question that the man sitting by defense counsel was the same person that testified at the McGhee trial.

The marshals testified they were both familiar with Hawkins because they routinely transported him over the years. On the day of the McGhee trial both marshals escorted Hawkins into the courtroom and were present when Hawkins testified.

Lastly, the prosecutor testified that prior to Hawkins' testimony, he went to see Hawkins in "lock-up" and interviewed him for ten minutes. He recalled specific details of the events occurring on the day Hawkins testified and maintained that his identification of Hawkins was based on his recollection of that day.

Under the circumstances, we find that the witnesses' identification of Hawkins was reliable. Accordingly, we affirm Hawkins' conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court, and oral argument would not aid the decisional process.

AFFIRMED